IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:08-1066 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| STACY BERNARD HARTZOG | ) | |
| | ) | |

Defendant is charged with the unlawful transport of firearms in violation of 18 U.S.C. § § 922(g)(1), 924(a)(2), 924(e). This matter is before the court on Defendant's Motion to Suppress, filed on November 12, 2009 (Entry 47). The Government filed a response to Defendant's motion on December 4, 2009 (Entry 57). For the reasons set forth below, Defendant's Motion to Suppress is **denied**.

**A.**      **Background**

The facts of this case arise out of a deadly shooting that occurred at a night club in Barnwell County on November 11, 2007. The victim of the shooting, Adam Jonathon Clark ("Clark"), was a friend of Defendant's. Because Defendant was present at the scene of the shooting and transported Clark to the hospital after the shooting, officers of the Barnwell County Sherriff's Department considered Defendant a key witness. Defendant agreed to come to the police station for questioning with his attorney, Tom Moore, on November 13 and 14, 2007. During the questioning, Defendant claimed the weapon in issue was not in his possession but that he could retrieve it and turn it over to the officers. Officers promised Defendant that his statements made during the questioning on November 13 and 14 would be used against him if he located the weapon in issue and turned it over to police.

After the November 14 meeting, officers unsuccessfully tried to contact Defendant by phone.

Officers learned through a confidential informant that the weapon in issue was located at Defendant's residence. After receiving this information, officers asked Defendant about the whereabouts of the weapon one last time and Defendant claimed to have no knowledge of the firearm's whereabouts. Soon after, officers obtained a search warrant and executed a search of Defendant's residence. During the search, officers located a 9 mm Ruger and a Remington 12 gauge shotgun. Thereafter, Defendant was charged with being in possession of a firearm in violation of 18, U.S.C. § 922(g).

Defendant now moves to suppress his statements made on November 13 and 14 and the weapons seized during the search of his residence on November 19. Specifically, Defendant argues: (1) his 5th Amendment privilege against self-incrimination would be violated if the statements he made on November 13 and 14 were admitted because the statements were made in reliance on a promise that the statements would not be used against him; and (2) the search warrant was secured based on the statements Defendant made on November 13 and 14.

In response to Defendant's motion, the Government argues (1) Defendant's 5th Amendment rights were not violated because Defendant's statements were made voluntarily in the presence of his attorney and the officers promise to not use Defendant's statements against him were based on the condition that Defendant turn over the weapon in issue, which Defendant failed to do; and (2) the search warrant is not the "fruit of the poisonous tree" because the search warrant was secured by information independent of Defendant's statements.

**B.**     **Discussion**

Defendant argues the statements he made on November 13 and 14 were "involuntary" because the promise that led to them–the officers' promise not to use his statements against him if

2

he turned over the weapon in issue–was not honored. In support of this argument, Defendant cites to United States v. Walton, 10 F.3d 1024 (3d Cir. 1993). In Walton, the third circuit held that in light of the totality of the circumstances, the defendant's confession in that case was not voluntary because the defendant had no reason to believe that he was the subject of a criminal investigation. The facts relevant to the courts holding include the following: (1) the day before defendant's confession, federal agents searched defendant's home, but did not reveal that the search was related to a criminal investigation, and instead told the defendant it was a routine regulatory search (2) the confession was made on a park bench as opposed to at a police station; (3) the agent referenced his prior relationship with defendant as a basis for inviting the defendant to speak "off the cuff," and testified that he had given his word to the defendant that the statements would not be used against the defendant.

This case is distinguishable from Walton because the questioning in this case was not an "off the cuff" discussion since it took place at a police station in the presence of Defendant's attorney, and Defendant knew he was being questioned regarding a criminal investigation of Clark's death. Moreover, the officers' promise to Defendant that his statements would not be used against him was conditioned on Defendant turning over the weapon charged in the indictment to the officers. Since Defendant never turned over the weapon, the officers are not required to fulfill their promise, and are therefore allowed to use Defendant's statements against him at trial. There is no indication that Defendant did not have sufficient time to turn over the weapon. The affidavit in support of the search warrant provides that a confidential informant told the police the weapon in issue was at Defendant's residence on November 17, two days before the search occurred. Moreover, the Government argues after the confidential informant told the police the weapon was at Defendant's

residence, the officers sought the whereabouts of the weapon one last time from Defendant, and Defendant claimed to have no knowledge of the weapon's whereabouts.

The court finds that Defendant's 5th amendment rights would not be not violated by admitting the statements he made to officers on November 13 and 14 because the statements were made voluntarily in the presence of his attorney and the officers were not obligated to honor their conditional promise to not use Defendant's statements against him since he failed to turn over the weapon.

Defendant also argues that officers would not have had probable cause to obtain the search warrant to search his house and seize the weapons without his statements and cooperation. However, the Government argues that the affidavit in support of the search warrant provides that the information used to obtain the search warrant was derived from a confidential source:

> [o]n 11-19-07, the Barnwell County Sheriff's office received information from a citizen with intimate knowledge that a silver 9mm pistol related to a murder in Barnwell County on Nov. 11, 2007 is being kept in the above described residence. Information revealed that the gun was in possession of Stacy at his residence on Nov. 17, 2007, less than 72 hours from this date and time.

Based on this language from the affidavit in support of the search warrant, the court finds the weapons seized from 's residence on November 19, 2007 are admissible because the search warrant is based on information obtained from an independent source.

**B.        Conclusion**

For the reasons set forth above, Defendant's motion to suppress is hereby **DENIED.**

**IT IS ORDERED**.

s/Margaret B. Seymour
United States District Judge

January 25, 2010
Columbia, South Carolina

4